UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARLIN GIOVANNI PICKENS,<br><br>                    Plaintiff,<br>    v.<br>24 HOUR FITNESS,<br><br>                    Defendants. | Case No. C22-5783 BHS<br><br>ORDER TO SHOW CAUSE |

This matter comes before the Court on plaintiff's motion for leave to proceed *in forma pauperis* ("IFP") in the filing of a civil rights complaint. Plaintiff is not represented by counsel. Dkt. 1. Considering the deficiencies in the complaint discussed below, the undersigned will not rule on plaintiff's motion for leave to proceed *in forma pauperis* ("IFP") or direct service of the complaint at this time. On or before November 25, 2022, plaintiff must show cause why this cause of action should not be dismissed.

**BACKGROUND**

Plaintiff names 24 Hour Fitness and John Doe, an employee of 24 Hour Fitness, as defendants in this case. Dkt. 1-1, at 7. He alleges that defendants violated his First, Fourth, Fifth, Eighth, Ninth and Thirteenth Amendment rights. *Id.* at 8. He also alleges

ORDER TO SHOW CAUSE - 1

that defendants defamed his character, breached a contract, and discriminated against him on the basis of his age, disability, gender, and ableism. *Id.*

On September 23, 2022, plaintiff was informed by John Doe, an employee of 24 Hour Fitness, that he was disturbing guests of the gym and should not return to that gym. *Id.* at 9. John Doe told plaintiff that he would be forced to call the police if plaintiff refused to leave the gym; because plaintiff did not leave, John Doe called the police. *Id.* Plaintiff eventually left the gym. Plaintiff alleges that he has not received his personal items left in the gym locker. Plaintiff seeks $15 million from defendants in damages. *Id.* at 13.

## DISCUSSION

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). In addition, to state a valid § 1983 claim, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant, and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

Additionally, Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007) (*citing Conley v. Gibson*, 355 U.S. 41 (1957)). The complaint must include more than

"naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly,* 550 U.S. at 555-557.

In the proposed complaint, plaintiff alleges unnamed employee, "John Doe", and 24 Hour Fitness violated his constitutional rights by forcing him to leave the gym in which he had a membership to. With respect to both defendants, generally, private actors are not acting under color of state law. *See Price v. Hawaii*, 939 F.2d 702, 707–08 (9th Cir. 1991), and cannot be sued under Section 1983.

To determine whether a private actor acts under color of state law for § 1983 purposes, the Court looks to whether the conduct causing the alleged deprivation of federal rights is "fairly attributable" to the state. *Price*, 939 F.2d at 707–08. Conduct may be fairly attributable to the state where (1) it results from a governmental policy and (2) the defendant is someone who fairly may be said to be a governmental actor. *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999). A private actor may be considered a governmental actor if the private actor conspires with a state actor or is jointly engaged with a state actor when undertaking a prohibited action. *Tower v. Glover*, 467 U.S. 914, 920 (1984); *Yesilevsky v. Redmond*, 2020 WL 4370957 (C.D. Cal. April 1, 2020) (discussing and determining a hospital and its employees were not state actors).

Plaintiff has not alleged that either defendant acted under color of state law. Thus, based on plaintiff's proposed complaint, plaintiff has not made any claims against a proper defendant under Section 1983.

Further, even if plaintiff can show that "John Doe" was acting under color of state law, the use of "John Doe" or "Jane Doe" to identify a defendant is not favored. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). Although a plaintiff may be given an

ORDER TO SHOW CAUSE - 3

opportunity after filing a lawsuit to discover the identity of unknown defendants through discovery, the use of Doe defendants is problematic because those persons cannot be served with process until they are identified by their real names. If plaintiff chooses to file an amended complaint, he must provide the names of defendants identified as "John Doe" and "Jane Doe" in order for the Court to serve (and put on notice) the proper defendants

CONCLUSION

Due to the deficiencies described above, the Court will not serve the complaint at this time. Accordingly, plaintiff is ordered, on or before **November 25, 2022**, to show cause as to why this Court should not recommend this case be dismissed. If plaintiff fails to timely respond to this Order to Show Cause, the undersigned will recommend that plaintiff's IFP application be denied.

Dated this 9th day of November, 2022.

Theresa L. Fricke
United States Magistrate Judge